

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Luther C. Johnston
County Attorney
Anderson County
Palestine, Texas

Dear Sir:

Opinion No. C-4368
Re: Does Article 2968 require per-
sons residing in city of 10,000
or more who are exempt from pay-
ment of poll tax because of non-
age to obtain certificate of
exemption in order to be entitl-
ed to vote? And related question

We have received and have carefully considered your
request for our opinion on the above stated question. We
quote from your letter as follows:

"(1) Is a person living in a city of more
than 10,000 inhabitants who becomes 21 years of
age after January 31 of same year as election,
but before the election is held, entitled to
vote without having secured a Certificate of Ex-
emption?

"(2) If that person moves outside of city,
but remains in the same county, before election,
would he or she be entitled to vote without a
Certificate of Exemption?"

Article 2968, Revised Civil Statutes of Texas, pro-
vides, in part:

"Every person who is exempted by law from
the payment of a poll tax, and who is in other
respects a qualified voter, who resides in a
city of ten thousand (10,000) inhabitants or
more, shall before the 1st day of February of
the year when such voter shall have become en-
titled to such exemption obtain from the Tax

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Collector of the county of his or her residence, a certificate showing his or her exemption from the payment of a poll tax.

"Such exempt person shall on oath state his name, age, race, county of residence, occupation, the length of time he has resided in said county, and the length of time in the city, and the number of the ward or voting precinct in which he resides, and shall also state his street address by name and number, if numbered, and the grounds upon which he claims exemption from the payment of a poll tax.

". . . ."

The above Article 2968 relates exclusively to those residing in a city of 10,000 inhabitants or more, and expressly provides and requires the obtaining of a certificate of exemption on or before the 31st day of January of the year in which they offer to vote by those exempted by law from the payment of the poll tax. Therefore, your first question is respectfully answered in the negative.

With reference to your second question, Article 2968a, Revised Civil Statutes of Texas, applicable to those residing in a city of less than 10,000 inhabitants, provides in part:

"Every person not subject to the disqualifications set out in Article 2954 of the Revised Civil Statutes of 1925 who does not reside in a city of ten thousand inhabitants or more, and who is exempt from the payment of a poll tax by reason of the fact that he or she has not yet reached the age of twenty-one years on the first day of January preceding its levy, or who is exempt from the payment of a poll tax because he or she was not a resident of the State on the first day of January preceding its levy, but who shall have since become eligible to vote by reason of length of residence or age, shall, on or before the thirty-first day of January of the year in which he or she offers to vote, obtain from the Assessor and Collector of Taxes for the county of his or her residence a certificate of exemption from the payment of a poll tax, and no such person who has failed or refused to obtain such certi-

Honorable Luther C. Johnston, Page 3

ficate of exemption from the payment of a
poll tax shall be allowed to vote.

". . ."

(See the cases of Clark v. Stubbs, 131 S. W. (2d) 665, and
Rogers v. Smith, et al, 119 S. W. (2d) 678.)

We quote from opinion No. 0-2434 of this depart-
ment as follows:

"From an analysis of this article, (re-
ferring to Article 2968a) it appears that the
following classes or persons exempt from the
payment of a poll tax and residing elsewhere
than in a city of 10,000 inhabitants or more
must obtain an exemption certificate on or be-
fore the 31st day of January of the year in
which they offer to vote, in order to entitle
them to cast their ballots: (1) Those who will
reach the age of twenty-one years, after the
1st day of January and before the day of a
following election at which they may wish to
vote; (2) those exempt from the payment of a
poll tax because not a resident of the state
on the first day of January preceding its levy,
but who have since become eligible to vote by
reason of length of residence. . . .

". . .

"It is the further opinion of this depart-
ment that those exempt from the payment of a
poll tax for the reasons set out in Article
2968a, Vernon's Annotated Civil Statutes, and
residing elsewhere than in a city of 10,000
inhabitants or more must obtain an exemption
certificate on or before the 31st day of Jan-
uary of the year in which they offer to vote,
in order to be entitled to cast their ballots."

Therefore, you are respectfully advised that the ans-
wer to your second question is a negative one for the reasons
set forth in opinion No. 0-2434, a copy of which is enclosed
herewith.

Honorable Luther C. Johnston, Page 4

        In addition to the hereinabove referred to opinion No. O-2434, we are enclosing herewith copies of opinions Nos. O-2155, O-1741A, O-414 and O-4320 written on related questions.

        We trust that the above satisfactorily answers your inquiry.

                                    Yours very truly

APPROVED APR 13, 1942              ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT                    By
ATTORNEY GENERAL
                                        D. Burle Daviss
                                             Assistant

DBD:GO

ENCLOSURES

